[No. 26341. Department Two. December 23, 1936.]

WEBB McDONALD TRACTOR & EQUIPMENT COMPANY,
*Respondent*, v. JAMES COYLE *et al., Appellants*,
DICK R. HASKINS, *Respondent*.[1]

*Longfellow & Fitzpatrick,* for appellants.

*Roberts, Swanson & Tunstall* and *J. T. Trullinger,* for respondents.

TOLMAN, J.—This is an action brought to recover upon a written acceptance. Respondent Haskins in-

[1]Reported in 63 P. (2d) 475.

tervened, claiming a recovery upon a cause of action arising out of the same transaction.

The case was tried to the court, resulting in findings favorable to both the plaintiff and the intervener; and two judgments were entered on the same day, one in favor of the plaintiff for $576, interest, attorney's fees, and costs, and one in favor of the intervener for $378 and costs. The defendants have appealed from both judgments.

It appears that, on November 12, 1934, the respondent Webb McDonald Tractor & Equipment Company sold to the intervener Haskins one Model 35 Caterpillar Diesel Tractor under the terms of a written conditional sales contract of that date, which describes the tractor, states the purchase price to be $5,313, of which there was to be paid on delivery $1,330 and the balance monthly in varying amounts. The contract provides that, on default, the seller may repossess the property without notice, in which event all payments theretofore made shall be retained by the seller as compensation for the use and the depreciation of the property, and that the buyer's rights in the property shall thereupon cease and be at an end. On the day that the contract was executed, the buyer paid down one thousand dollars in cash and delivered to the seller the following writing:

"November 12, 1934.
"Webb-McDonald Tractor & Equip. Co.
"Wenatchee, Washington,
"Gentlemen:
"I hereby assign to you and authorize you to collect all rent and money received and to be received from the Coyle Construction Co. This is for the rental and use of one Model Thirty-Five Caterpillar Diesel Tractor with Equipment attached. The rate of rental to be

four Dollars ($4.00) per hour. These monies are to be applied on the payments of said machine.

"Dick R. Haskin

"Dick Haskins

"I agree to the foregoing and will forward direct to Webb-McDonald Tractor & Equip. Co. of Wenatchee, Washington, all money from the rental of the above mentioned Equipment, at the above mentioned rate.

"Witness                                    Coyle Construction Co.

"Ned L. Martin                          By James Coyle"

Thereafter, and before December 1, 1934, the appellant Coyle used the tractor for 144 hours, but failed to pay any of the rental to the respondent. The respondent ascertained the extent of the use of the tractor and the rental due from Coyle and credited the amount on the purchase price of the tractor on November 21, 1934. About April 10, 1935, because of subsequent defaults, the respondent repossessed the tractor and thereafter brought this suit against Coyle on his written acceptance of the written assignment of the rental.

These facts, which are beyond dispute, distinguish this case from the case of *Blenz v. Fogle*, 127 Wash. 224, 220 Pac. 790, and other like authorities, upon which the appellants rely. Clearly, for a valuable consideration, Coyle in writing agreed to pay the earned rental to the respondent. When the amount was ascertained, the respondent credited it to the purchaser, under the terms of the contract; and when default later occurred, this credit was a prior payment which, by the terms of the contract, was retained as compensation for use and depreciation. The facts speak the law.

The appellants complain of the refusal to receive evidence tending to change, alter, or impeach the written agreement hereinbefore quoted. The written agreement is clear, plain, and unambiguous; and therefore the general rule to the effect that a written instru-

ment may not be altered or impeached by parol evidence is controlling.

The judgment in favor of Webb McDonald Tractor & Equipment Company is right and must be affirmed.

As to the judgment in favor of the intervener Haskins, appellant seemed to complain that the amount of it, $378, is wholly included in the amount awarded to Webb McDonald Tractor & Equipment Company, and that the appellants are required to pay double to the extent of the amount awarded to Haskins.

We cannot, however, discover that any such contention was raised in the trial court, nor that any evidence to that effect was introduced and brought to the attention of the judge who tried the cause.

The complaint in intervention, which is denominated "Answer and Cross-Complaint of Dick R. Haskins," denies the material allegations of the complaint of the plaintiff, respondent here, and pleads affirmatively that, at the special request of the defendant James Coyle, the intervener performed services and furnished goods, wares, and merchandise for and to Coyle of the agreed value of $1,017.10, of which amount there had been paid only the sum of $639, leaving due and unpaid an agreed balance due the intervener from Coyle of $378. The complaint in intervention then proceeds to allege that Webb McDonald Tractor & Equipment Company had set up a false claim to that sum so due to the intervener from Coyle, in that it cancelled the conditional sales contract and repossessed the tractor before the assigned rental was earned, or credited by it, and therefore it had no legal right to the rental when it was earned. Intervener made no allegation to the effect that any part of his demand was based upon rental for the tractor.

The intervener's proof not only failed to establish its allegations as to the cancellation of the conditional

sales contract before the rental was earned, but there was an entire failure to introduce any proof to show that the $378 claimed by the intervener was a part of the tractor rental. The intervener simply testified to an agreement between himself and Coyle to the effect that Coyle owed him $378. No evidence whatever was offered by Coyle to rebut that testimony or to overcome an express admission contained in Coyle's answer to the effect that he was indebted to Haskins in that sum.

It may be that these judgments require Coyle to make a double payment; but, if so, the fault lies with Coyle in that he failed to plead and prove such a defense.

We are bound by the record as made, and the mere assertion that there has been a double recovery is not sufficient to warrant a reversal.

Both judgments are affirmed.

MILLARD, C. J., HOLCOMB, and MITCHELL, JJ., concur.

BEALS, J. (dissenting in part)—In my opinion, it appears from the pleadings and proof that the amount claimed by intervener is included in the amount claimed by respondent. From so much of the opinion as holds to the contrary, I dissent. I concur with the remainder of the opinion.